■ In the Matter of JAMES P. WEIR, JR., Appellant, v RONALD CANESTRARI, as Mayor of the City of Cohoes, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered May 14, 1986 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition based on the expiration of the Statute of Limitations.

Petitioner was appointed to the rank of captain in the City of Cohoes Fire Department on November 28, 1979 and held the position until July 17, 1981, when he and one other captain were demoted due to departmental cutbacks. Petitioner was placed upon a preferred civil service list making him eligible for reinstatement to the next available fire captain position (see, Civil Service Law §§ 80, 81). On March 1, 1985, following the retirement of another captain, the City abolished the newly vacated position and allegedly commenced assigning all of the duties of the retired captain to the "senior man", "acting captain" or "officer in charge", who was paid at the rate of a captain.

On March 14, 1985, petitioner filed a grievance which respondent Mayor of the City denied on March 22, 1985, determining that abolition of the captain's position was an act within the discretion of the City. On April 17, 1985, petitioner wrote to the City's Municipal Civil Service Commission on this same matter, and by letter dated July 12, 1985 was advised that the abolished position had not been recreated. Subsequently, petitioner's union filed a grievance on September 4, 1985 protesting the abolition of the position. The Mayor denied this grievance on September 6, 1985. On December 12,

1985, petitioner commenced the instant CPLR article 78 proceeding seeking reinstatement to the position of fire captain in accordance with Civil Service Law § 81. Following service of the answer, Supreme Court dismissed the petition as time barred pursuant to CPLR 217. Petitioner has appealed.

Initially, we note that this proceeding is in the nature of mandamus to compel *(see, Matter of O'Connell,* 287 NY 297; *Matter of Dionisio v Board of Educ.,* 118 AD2d 854; *Matter of Curtis v Board of Educ.,* 107 AD2d 445). Hence, the four-month limitations period imposed by CPLR 217 runs from the date upon which the City and/or the Commission* refused to comply with petitioner's demands for reinstatement *(see, supra).* Here, as indicated, the demand upon the City was made on March 14, 1985, the date petitioner claimed his rights under the collective bargaining agreement and the Civil Service Law had been violated, and specifically sought reinstatement to the abolished position. On March 22, 1985, the Mayor, on the City's behalf, rejected the demand, stating that the City had a right to abolish the position free from interference. Upon this refusal, the Statute of Limitations began to run, and since the instant proceeding was not commenced until December 12, 1985, it was untimely and properly dismissed *(see,* CPLR 217; *Matter of McGirr v Division of Veterans Affairs,* 43 NY2d 635, 638-639).

Insofar as a cause of action has been stated against the members of the Commission, we observe that petitioner's letter of April 17, 1985 requested that the matter be reviewed for a possible violation of Civil Service Law § 81. The Commission's July 12, 1985 response stated that the abolished position had not been recreated by the City and, thus, Civil Service Law § 81 was not implicated. In so doing, the Commission implicitly, if not directly, denied petitioner's request for reinstatement. Again, since petitioner failed to commence this proceeding within four months of the Commission's directive, the matter was properly dismissed as untimely.

We are unpersuaded by petitioner's contention that the City's utilization of other officers to perform the duties of fire captain constitutes a continuing wrong that serves to toll the running of the limitations period *(see, Matter of Griffin v County of Westchester,* 36 AD2d 831, *affd* 29 NY2d 944).

---

* We note that the members of the Commission are named as separate respondents in this proceeding. The Commission members are appointed by the Mayor (Civil Service Law § 15 [1] [a]) and are charged with the local administration of the Civil Service Law (Civil Service Law § 17).

Petitioner's challenge emanates from the refusal of his demands for reinstatement to the abolished fire captain's position, not from the continuing nature of the wrong. Nor do we find merit in his argument that the statute was not triggered until the City's September 6, 1985 denial of the grievance filed by the union. That grievance, which named the union as grievant, not petitioner, sought redress for violation of the union's rights, and simply requested that the position be filled from the appropriate civil service list and not by petitioner specifically.

Judgment affirmed, without costs. Kane, J. P., Main, Weiss, Mikoll and Harvey, JJ., concur.