■ SUFFOLK COUNTY ASSOCIATION OF MUNICIPAL EMPLOYEES et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. [629 NYS2d 792] —In an action, *inter alia,* for a judgment declaring that the Suffolk County Employee Assistance Program Policy Statement, Procedures Statement, and Amendments to Policies and Procedures govern the release of employees' confidential medical information, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Gerard, J.), dated November 5, 1993, which denied their motion for injunctive relief and granted the defendants' cross motion for summary judgment dismissing the amended complaint, and (2) a judgment of the same court, entered April 7, 1994, which dismissed the amended complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

In this action, the plaintiffs, a municipal employees union and individual employees of the defendant County of Suffolk (hereinafter the County) represented by the union, allege that the defendants have violated the policies and procedures of an Employee Assistance Program (hereinafter EAP) by requiring employees to disclose confidential medical information. The EAP, which offers a variety of counseling services, was established pursuant to the 1986 collective bargaining agreements between the County and the two employee units represented by the plaintiff union.

An EAP Policy Statement, Procedures Statement, and Amendments to Policies and Procedures were subsequently adopted to govern administration of the EAP. The amendments include procedures for obtaining an EAP leave of absence and note that if the leave involves a medically-related problem, the employee may be entitled to disability benefits pursuant to the collective bargaining agreements. The policies, procedures, and amendments provide for strict confidentiality of information regarding an employee's participation in the EAP and limited disclosure for the purpose of obtaining a leave of absence. Pursuant to the collective bargaining agreements, however, an employee authorizes the release of all medical records and documentation related to a disability claim by signing an application for disability benefits.

The plaintiffs allege that the County has demanded confidential information from employees seeking disability benefits in violation of the EAP policies, procedures, and amendments. In addition, they claim that the County has unilaterally instituted policies by requiring disclosure of confidential information regarding employees who are merely applying for leaves of absence or participating in approved treatment plans, unrelated to disability benefits.

The Supreme Court properly dismissed the amended complaint. Each of the collective bargaining agreements contains a broad grievance and arbitration clause governing "[a]ny and all disputes arising out of or concerning the interpretation or application of the terms of the contract". The procedure for obtaining disability benefits is set forth in the collective bargaining agreements. The dispute between the parties as to the documentation that may be required for approval of such benefits clearly involves the interpretation or application of the terms of the contract. Consequently, to the extent the plaintiffs allege violations of the EAP regarding disability benefits, their sole remedy lies in the grievance and arbitration procedure under the collective bargaining agreements (see, Pizzardi v Smithtown Cent. School Dist. No. 1, 90 AD2d 540).

The plaintiffs allege that the County has unilaterally instituted policies for obtaining leaves of absence and participation in EAP treatment programs. However, that unfair employer practice allegation, which does not arise out of the collective bargaining agreements, is subject to the "exclusive nondelegable jurisdiction" of the Public Employment Relations Board (see, Civil Service Law § 205 [5] [d]; Collins v Manhattan & Bronx Surface Tr. Operating Auth., 62 NY2d 361, 372-373; Matter of Schenectady Fire Fighters Union, 24 PERB ¶ 3016;

*Matter of Civil Serv. Empls. Assn.,* 25 PERB ¶ 3045). Sullivan, J. P., O'Brien, Altman and Goldstein, JJ., concur.