■ MALINDA MYERS et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v CITY OF SCHENECTADY et al., Appellants. [665 NYS2d 716] —Crew III, J. Appeals (1) from an order of the Supreme Court (Caruso, J.), entered July 18, 1996 in Schenectady County, which, *inter alia*, granted plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiffs and the class they represent are retired employees of defendant City of Schenectady who, prior to their retirement, were represented by the City of Schenectady bargaining unit of the Civil Service Employees Association, Inc. (hereinafter CSEA).[1] When members of plaintiffs' class retired, they were provided with health insurance by the City in accordance with the various collective bargaining agreements in effect at the time of each person's retirement. In 1975, the first of such agreements at issue between the City and CSEA contained the following provision: "All eligible employees in this bargaining unit shall be entitled to membership in the State Health Insurance Plan or a plan that offers the same or better benefits at

1. By order dated January 6, 1995, Supreme Court (Williams, J.) granted plaintiffs class action status such that plaintiffs represent all living retired members of the CSEA bargaining unit relevant to this case.

no cost to the employee. Effective January 1, 1975, the City agrees to provide the same fully paid Health Insurance coverage to retirees and their dependents upon retirement after fifteen (15) years service with the City."[2]

Since the inception of the aforesaid collective bargaining agreements, retirees who attained the age of 65 became eligible to participate in the Medicare health insurance program, which was and is comprised of parts A and B. Participation in part A of the Medicare program is mandatory at no cost to the retiree. However, participation in part B of the Medicare program is optional and if a retiree opts to participate therein, he or she must pay a premium. The City encouraged plaintiffs' class to enroll in Medicare part B because Medicare then became the retirees' primary insurance and the employer-provided health insurance became secondary, with a resultant reduction in premium cost to the City. If a retiree did not elect to participate in Medicare part B, the City continued to provide the retiree with the same fully paid health insurance coverage as it provided to its eligible employees. On the other hand, if a retiree opted for the Medicare part B coverage, the premium was automatically deducted from his or her social security benefits and the retiree was reimbursed by the City.

In March 1994, the City unilaterally determined that it only would reimburse its retirees 50% of the cost of Medicare part B coverage and, in June 1994, the City ceased making reimbursements altogether. As a consequence, plaintiffs commenced this action seeking, *inter alia*, full reimbursement retroactively as a vested contract benefit. Following joinder of issue and the granting of class action status, plaintiffs moved for summary judgment and defendants cross-moved for similar relief. Supreme Court granted plaintiffs' motion and denied defendants' cross motion, and defendants now appeal from Supreme Court's order, as well as the judgment entered thereon.

Defendants' principal contention is that Supreme Court erred in considering extrinsic evidence with regard to the intent of the parties when negotiating the provisions in the various collective bargaining agreements governing retiree health benefits. We disagree. The health benefits provisions at issue here contain no language indicating the duration for which the City undertook to provide benefits to its retirees. In this regard, the City argues that because the agreements themselves have

---

**2.** With the exception of reducing the service requirement from 15 years to 10 years in 1984, the language concerning retiree health benefits in each of the ensuing collective bargaining agreements continued essentially unchanged from 1975 to the inception of this litigation.

very clear durational limits, the retirees' entitlement to health benefits necessarily must cease as of the expiration of the various collective bargaining agreements under which they obtained such benefits. This argument, however, ignores the important distinction to be made between retirees and existing City employees. To be sure, the benefits accorded existing City employees may vary from one collective bargaining agreement to another and, hence, during the term of their employment, such employees may gain or lose certain benefits. We must question, however, whether the parties to the collective bargaining agreements at issue here intended the retirees' benefits to be as fungible, inasmuch as at the expiration of such agreements CSEA no longer represents the retirees, has no bargaining rights or obligations on their behalf and, indeed, may not even have the right to bargain voluntarily on their behalf (*see, Chemical Workers v Pittsburgh Glass*, 404 US 157; *Matter of City of Cohoes [Cohoes Police Benevolent & Protective Assn.]*, 27 PERB ¶ 3058). Additionally, the initial collective bargaining agreement became effective January 1, 1975 and expired December 31 of that same year. Accepting defendants' argument as to the duration of the benefits accorded under that agreement might result in a retiree receiving but a few months or days of benefits thereunder, and the same can be said of each of the subsequent agreements (although none had a durational limit of less than two years). In our view, the potential for retirees to be accorded such patently inconsequential benefits under the agreements further calls into question the intent of the parties in this regard.

Inasmuch as we are of the view that the provisions providing for retiree health insurance are ambiguous as to their duration, Supreme Court properly considered extrinsic evidence (*see, e.g., Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285). In this regard, we agree that the City's own 19-year practice of continuing to provide fully paid health insurance coverage to plaintiffs' class, even after the expiration of the various collective bargaining agreements pursuant to which they obtained such benefits, constitutes very substantial evidence that the provisions in question were intended to provide benefits to retirees for the entire period of their retirement. Clearly, one of the more important aids in the interpretation of a contract is the construction placed upon the agreement by the contracting parties (*see, Atwater & Co. v Panama R. R. Co.*, 255 NY 496, 501; *Matter of Mencher [Geller & Sons]*, 276 App Div 556, 565). As has been observed, " '[t]here is no surer way to find out what parties meant, than to see what they have done' " (*Town of Pelham v City of Mount Vernon*, 304

NY 15, 23, quoting *Insurance Co. v Dutcher*, 95 US 269, 273). We have considered defendants' remaining contentions and find them either unpreserved for our review or without merit.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order and judgment are affirmed, with costs.