OPINION OF THE COURT
 

 Levine, J.
 

 In 1972, the City Council of the City of Geneva enacted Resolution No. 33, declaring that the City would furnish health benefits to all retired City employees through the Genesee Valley Medical Health Care Plan. Thereafter, the City provided benefits to its retirees and, although Resolution No. 33 was
 
 *330
 
 never formally repealed, the City utilized different providers over the years while maintaining a consistent level of benefits. However, in 1996, when the current provider was Blue Cross-Blue Shield Preferred Blue Million, the City advised all retired City employees that, effective January 1, 1997, their health insurance coverage would be changed to the Blue Choice Extended Plan, which undisputedly affords inferior coverage to that provided in previous years.
 

 Petitioner, Aeneas McDonald Police Benevolent Association, Inc., commenced this CPLR article 78 proceeding to challenge the City of Geneva’s right to reduce the level of health insurance benefits that it has provided since 1973 to the retired members of the Geneva Police Department. Petitioner concedes that the labor relationship between the City and its police department has been governed by collective bargaining agreements at all times relevant to this appeal, and that none of those agreements addresses the issue of health benefits for retirees. Nonetheless, petitioner contends that the City’s past practice of providing a certain level of benefits makes it unlawful for the City to unilaterally reduce the benefits it offers to its retirees.
 

 Supreme Court granted the petition and directed the City to continue to pay for the more liberal (and expensive) health plan, holding first, that the petitioner has standing to bring this proceeding, and, second, that the City’s 24-year practice of providing a certain level of benefits to its retirees pursuant to Resolution No. 33 created an enforceable contract right. The Appellate Division reversed and dismissed the petition (245 AD2d 1042). A three-Justice majority determined that there was no vested contractual right at issue and that, because health benefits for retirees are a nonmandatory subject of negotiation, the City was free to alter the benefits unilaterally. Two Justices dissented, agreeing that Resolution No. 33 did not confer any binding entitlement in favor of retirees, but concluding that the City’s past practice nevertheless gave rise to a vested right that was enforceable by the retired police officers. Petitioner appeals as of right
 
 (see,
 
 CPLR 5601 [a]), and we now affirm.
 

 At issue is whether retired municipal employees, who are no longer members of any collective bargaining unit, may enforce a past practice in civil litigation with their former municipal employer. Where, as here, the past practice concededly is unrelated to any entitlement expressly conferred upon the retirees in a collective bargaining agreement, we hold that
 
 *331
 
 there is no legal impediment to the municipality’s unilateral alteration of the past practice.
 

 Initially, we conclude that petitioner has standing to bring the instant proceeding. Under the three-part test for establishing associational or organizational standing that this Court adopted in
 
 Society of Plastics Indus. v County of Suffolk
 
 (77 NY2d 761), petitioner must demonstrate: (1) that one or more of its members has standing to sue; (2) that the interests advanced here are sufficiently germane to petitioner’s purposes to satisfy the court that petitioner is an appropriate representative of those interests; and (3) that the participation of the individual members is not required to assert this claim or to afford petitioner complete relief (see,
 
 id.,
 
 at 775). We agree with Supreme Court’s determination that petitioner has fulfilled this test by demonstrating that its membership, which consists of all past and present members of the Geneva Police Department, includes retirees that would have individual standing, and that its mission makes it an appropriate representative of its members’ interests. Finally, we can identify no reason why the participation of individual members would be necessary to fully adjudicate this proceeding or to grant the relief sought.
 

 Turning, therefore, to the merits, we must consider whether the City’s past practice creates a basis for the remedy that petitioner seeks — namely, the right to compel the City to continue providing the same level of health benefits to its retirees as it has in the past. Under New York’s “Taylor Law” (Civil Service Law, art 14, §§ 200-214), the City, as a public employer, is statutorily obligated to negotiate in good faith with the bargaining representative of its current employees regarding the “terms and conditions of employment” (Civil Service Law § 204 [2]; § 209-a [1]). Pursuant to this duty to negotiate, where a past practice between a public employer and its current employees is established, involving a mandatory subject of negotiation, the Taylor Law would bar the employer from discontinuing that practice without prior negotiation
 
 (see, Matter of Incorporated Vil. of Hempstead v Public Empl. Relations Bd.,
 
 137 AD2d 378, 383,
 
 lv denied
 
 72 NY2d 808;
 
 Matter of Unatego Non-Teaching Assn. v New York State Pub. Empl. Relations Bd.,
 
 134 AD2d 62, 64,
 
 lv denied
 
 71 NY2d 805;
 
 see also, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.,
 
 48 NY2d 398, 402, n 1).
 

 Health benefits for current employees can be a form of compensation, and thus a term of employment that is a manda
 
 *332
 
 tory subject of negotiation
 
 (see, Association of Surrogates & Supreme Ct. Reporters within City of N. Y. v State of New York,
 
 78 NY2d 143, 154;
 
 Matter of Glens Falls Firefighters Union v City of Glens Falls,
 
 30 PERB 4506;
 
 Matter of Triborough Bridge & Tunnel Auth. v Bridge & Tunnel Officers Benevolent Assn.,
 
 29 PERB 3012;
 
 Matter of City of Cohoes v Cohoes Police Benevolent & Protective Assn.,
 
 27 PERB 3058). Therefore, a past practice concerning health benefits for current employees, even where unrelated to any specific contractual provision, cannot be unilaterally modified by the public employer. The employer also would have a duty to negotiate with the bargaining representative of current employees regarding any change in a past practice affecting their own
 
 retirement
 
 health benefits
 
 (see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., supra,
 
 48 NY2d, at 406).
 

 From the foregoing propositions, petitioner draws the conclusion that a past practice concerning retirement health benefits that was in place when an individual retired, in and of itself, prevents the City from unilaterally reducing those benefits for such person after cessation of public service. Such a conclusion misconstrues and unjustifiably extends the role of past practice in the field of public employment relations.
 

 Although, as we noted above, a past practice concerning a mandatory subject of negotiation gives rise to a statutory bargaining right on behalf of current members of the bargaining unit, plaintiffs retired members, upon whose behalf this proceeding was brought, cannot avail themselves of that right because a public employer’s statutory duty to bargain does not extend to retirees
 
 (see,
 
 Civil Service Law § 201 [4], [7] [a]; § 204 [2];
 
 see also, Chemical Workers v Pittsburgh Glass,
 
 404 US 157, 166, 175-176;
 
 Myers v City of Schenectady,
 
 244 AD2d 845, 847,
 
 lv denied
 
 91 NY2d 812;
 
 Matter of City of Cohoes v Cohoes Police Benevolent & Protective Assn., supra,
 
 27 PERB, at 3136).
 

 Additionally, a past practice, independent of any contract term, may be relied upon by an arbitrator in resolving disputes which have been submitted under the grievance machinery of a collective bargaining agreement. “Arbitrators may do justice” and “are not bound by principles of substantive law or rules of evidence”
 
 (Lentine v Fundaro,
 
 29 NY2d 382, 386, 385). Thus, when interpreting a collective bargaining agreement, an arbitrator may consider parol evidence even where the agreement is unambiguous, such that “the award may well reflect the spirit rather than the letter of the agreement”
 
 (Rochester City School Dist. v Rochester Teachers Assn.,
 
 41 NY2d 578,
 
 *333
 
 582;
 
 see, Lentine v Fundaro, supra,
 
 at 385;
 
 Steelworkers v Warrior & Gulf Co.,
 
 363 US 574, 581-582). A court, on the other hand, must abide by the substantive rules of law that pertain to the relief being sought
 
 (see, Rochester City School Dist. v Rochester Teachers Assn.,
 
 41 NY2d, at 582,
 
 supra).
 
 Under the procedural posture of this case, petitioner may not avail itself of principles that apply when public employers and their employees engage in arbitration pursuant to grievance procedures to settle disputes under collective bargaining agreements, but instead is limited to asserting whatever right the City’s past practice might have established under general contract principles.
 

 Courts also may look to the past practice of the parties to give definition and meaning to language in an agreement, including a collective bargaining agreement, which is ambiguous
 
 (see, Slatt v Slatt,
 
 64 NY2d 966, 967,
 
 rearg denied
 
 65 NY2d 785;
 
 Rochester City School Dist. v Rochester Teachers Assn., supra,
 
 41 NY2d, at 583;
 
 see also, Myers v City of Schenectady, supra,
 
 244 AD2d, at 847). However, past practice, like any other form of parol evidence, is merely an interpretive tool and cannot be used to create a contractual right independent of some express source in the underlying agreement
 
 (see, Matter of Franklin Cent. School Dist. [Franklin Teachers Assn.],
 
 238 AD2d 848, 849;
 
 Matter of Hunsinger v Minns,
 
 197 AD2d 871).
 

 Petitioner concedes that no collective bargaining agreement between the City and its police officers addresses the benefits in question, but relies on the language of Resolution No. 33 as evidence that a negotiated labor agreement pertaining to these health benefits was reached. A municipal resolution is, in general, a unilateral action that is temporary in nature and, thus, it does not create any vested contractual rights
 
 (see, Matter of Jewett v Luau-Nyack Corp.,
 
 31 NY2d 298, 306). Furthermore, petitioner has failed to put forth any evidence, beyond the language of Resolution No. 33, that might establish either that an independent agreement to supply health benefits supported by consideration existed, or that any one of the collective bargaining agreements between the parties is ambiguous on the issue of health benefits for retirees, and thus susceptible to interpretation by parol evidence
 
 (cf., Myers v City of Schenectady,
 
 244 AD2d, at 847,
 
 supra).
 

 It follows from the foregoing that there was no contractual or legal impediment to the City’s unilateral alteration of the health benefits that it provides to petitioner’s retiree members.
 

 
 *334
 
 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order affirmed, with costs.