■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant, v COUNTY OF NASSAU, Respondent. [696 NYS2d 174] —In an action to recover damages for breach of a collective bargaining agreement and for reinstatement and back pay, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feuerstein, J.), entered July 2, 1998, which granted the defendant's motion to dismiss the complaint on the ground of lack of standing.

Ordered that the order is affirmed, with costs.

In response to a severe budget crisis, Nassau County discharged or demoted over 2,000 County employees in 1992. One of the affected employees, Joseph E. Torre, successfully challenged the action taken against him as violative of the doctrine of legislative equivalency (*see, Matter of Torre v County of Nassau,* 86 NY2d 421). That doctrine requires that a position created by a legislative act must be abolished by a correlative legislative act. Since the *Torre* decision, other County employees affected by the 1992 abolitions of positions have attempted to interpose legislative equivalency claims (*see, e.g., Weitzenberg v Nassau County Dept. of Recreation & Parks,* 249 AD2d 538).

Although the plaintiff Civil Service Employees Association, Inc. (hereinafter the CSEA), has carefully couched its complaint in language alleging breach of contract, it is clear that, in reality, the CSEA is attempting to assert a *Torre* legislative equivalency claim on behalf of all aggrieved employees. "It is the nature and origin of the wrong, the substance and not the form, which controls" (*Rickard v Farmer's Museum,* 284 App Div 140, 142; *see, Belsky v Lowenthal,* 62 AD2d 319, 321, *affd* 47 NY2d 820). The citation by the CSEA to irrelevant contract sections cannot hide the fact that the claimed wrong and the rights sought to be enforced arise outside the four corners of the collective bargaining agreement. Accordingly, the Supreme Court correctly analyzed the matter under traditional standing rules (*see, Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva,* 92 NY2d 326).

In *Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva (supra),* the Court of Appeals applied a three-part test for establishing associational or organizational standing to a public sector labor union seeking to assert rights not covered by the collective bargaining agreement: (1) that one or more of its members has standing to sue, (2) that the interests sought to be protected are sufficiently germane to the plaintiff's purpose to satisfy the court that the plaintiff is an appropriate representative of those interests, and (3) that the participation of the individual members is not required to assert this claim or to afford the plaintiff complete relief (*see, Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, supra,* at 331; *see also, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 775; *Matter of Dental Socy. v Carey,* 61 NY2d 330, 333-334). In the instant case, the CSEA cannot meet the third prong of the test since it is clear that the individual circumstances of each employee would need to be explored to

determine whether the *Torre* rule was violated. As this Court has already observed in denying class action status with respect to this group of employees, "[t]here were numerous differences among members of the proposed class and no evidentiary support for the proposition that their positions were improperly abolished by the same method described in *Matter of Torre v County of Nassau* ([86 NY2d 421] *supra)*" (*Weitzenberg v Nassau County Dept. of Recreation & Parks, supra*, at 539).

Accordingly, the Supreme Court properly granted the County's motion to dismiss the complaint on the ground of lack of standing. Ritter, J. P., Joy, H. Miller and Smith, JJ., concur.