■ RITA WALLACE et al., Appellants, v COUNTY OF NASSAU, Respondent. [756 NYS2d 242] —In an action, inter alia, for a judgment declaring, among other things, that the defendant violated Social Services Law § 164, reinstatement, and back pay, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Roberto, J.), entered January 16, 2002, which, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiffs lacked standing.

Ordered that the order and judgment is affirmed, with costs.

In response to a severe budget crisis, the defendant, County of Nassau, discharged or demoted over 2,000 County employees in 1992. The plaintiffs alleged that the County violated, inter alia, Social Services Law §§ 164 and 336-c by laying off, demoting, or otherwise adversely affecting the promotional op-

portunities of members of the Civil Service Employees Association (hereinafter CSEA) and replacing them with participants in the Public Works Projects (hereinafter PWP) and Work Experience Program (hereinafter WEP). The plaintiffs sought a judgment declaring that the County was in violation of, among other things, certain provisions of the Social Services Law, ordering the reinstatement of all affected CSEA members to their former positions with full back pay and benefits, and directing the County to stop using PWP and WEP participants to perform the work of, or replace, CSEA members. The County moved for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiffs lacked standing.

The Supreme Court properly applied, among other things, the three-part test for establishing associational or organizational standing: (1) one or more of the members of the association or organization has standing to sue, (2) the interests sought to be protected are sufficiently germane to the plaintiffs' purpose to satisfy the Supreme Court that the plaintiffs are appropriate representatives of those interests, and (3) the participation of the individual members is not required to assert this claim or to afford the plaintiffs complete relief (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva,* 92 NY2d 326, 331 [1998]; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 775 [1991]; *Civil Serv. Empls. Assn. v County of Nassau,* 264 AD2d 798, 799 [1999]). The plaintiffs cannot meet the third prong of the test because it is clear that the individual circumstances of each allegedly affected CSEA employee would need to be explored to determine whether there has been a violation (*see Civil Serv. Empls. Assn. v County of Nassau, supra* at 799). Accordingly, the Supreme Court properly granted the County summary judgment dismissing the complaint on the ground that the plaintiffs lacked standing.

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.