WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY POLICE BENEVOLENT ASSOCIATION, INC., Appellant, v WESTCHESTER COUNTY et al., Respondents. [828 NYS2d 412]—

In an action for a judgment declaring that certain positions created by the defendant Westchester County are in violation of the Civil Service Law and General Municipal Law, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered February 23, 2005, as granted the defendants' motion, in effect, to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Westchester County created three director positions in the Westchester County Department of Public Safety. Those positions are entitled "Director—Office of Criminal Justice Services," "Director of Intelligence, Security and Counter Terrorism," and "Program Coordinator (Environmental Security)." The County appointed the defendants Maryellen Martirano, Harry Rosenthal, and Ronald Gatto—all civilians—to those positions. In this action, the plaintiff seeks, inter alia, a judgment declaring that the positions are in violation of the Civil Service Law and the General Municipal Law. Among other things, the plaintiff alleges that because the positions involve the performance of traditional police functions, its members were deprived of positions that should have been reserved exclusively for them.

The Supreme Court, inter alia, granted the defendants' motion, in effect, to dismiss the complaint, concluding, among other things, that the plaintiff did not have standing because it failed to allege that any of its members suffered a cognizable injury. We disagree.

The plaintiff claims that it is the exclusive agent for purposes of collective bargaining on behalf of County employees in the County's Department of Public Safety holding the titles police officer, sergeant, lieutenant, and captain. Citing Civil Service Law § 209-a (1) (d), the plaintiff maintains that its purpose is to protect the employment rights of its members pursuant to the applicable collective bargaining agreement. More precisely, it argues that it has an obligation to "preserve the work that its members perform." The plaintiff's position is that the County is seeking to "circumvent" the collective bargaining agreement by creating what are, in essence, police positions, and staffing them with civilians.

Civil Service Law § 209-a (1) (d) provides, in pertinent part, that it shall be an improper practice for a public employer to deliberately "refuse to negotiate in good faith with the duly recognized or certified representatives of its public employees."

Applying common-law principles of organizational standing articulated by the Court of Appeals, and citing *New York State Assn. of Nurse Anesthetists v Novello* (2 NY3d 207 [2004]), the Supreme Court dismissed the complaint for lack of standing on the ground that the plaintiff did not allege that any of its members have lost jobs or income or suffered any other cognizable injury as a result of the challenged actions.

However, in relying on Civil Service Law § 209-a (1) (d), the gravamen of the plaintiff's complaint is that the County committed an improper employer practice by its failure to bargain with it prior to the creation and relegation of work properly assigned within the bargaining unit, to persons outside of it. Accepting the plaintiff's characterization of the nature of its case, we conclude that as the allegedly "exclusive" agent of its individual members for purposes of collective bargaining, the plaintiff has standing to maintain this action by virtue of Civil Service Law § 209-a (1) (d). Resort to common-law principles of organizational standing is unnecessary.

In any event, the plaintiff has standing to maintain this action. Under the applicable test, the plaintiff must demonstrate: (1) that one or more of its members has standing to sue; (2) that the interests advanced are sufficiently germane to the plaintiff's purposes to satisfy the court that the plaintiff is an appropriate representative of those interests; and (3) that the participation of the individual members is not required to assert the claim or to afford the plaintiff complete relief (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 331 [1998]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]; *Civil Serv. Empls. Assn. v County of Nassau*, 264 AD2d 798, 799 [1999]).

The plaintiff represents the County's employees holding the titles police officer, sergeant, lieutenant, and captain. Its argument is that the challenged positions should be staffed by one or more of its members, as opposed to civilians. Clearly, at least some of the plaintiff's members would have individual standing to sue. Second, the plaintiff's "mission makes it an appropriate representative of its members' interests" (*Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, supra* at 331). Finally, there is no reason why individual members of the plaintiff must participate in this litigation in order to fully adjudicate the action or grant the relief sought (*id.*). This is not a case, for example, where the individual circumstances of each of the plaintiff's members must be explored in order to determine whether the plaintiff's challenge has merit (*cf. Civil Serv. Empls. Assn. v County of Nassau, supra* at 799).

Although we disagree with the Supreme Court's standing determination, we agree with its conclusion that this action nevertheless must be dismissed because the plaintiff's improper labor practice charge is within the exclusive jurisdiction of the Public Employment Relations Board (hereinafter PERB) (*see* Civil Service Law § 205 [5] [d]; *Suffolk County Assn. of Mun. Empls. v County of Suffolk,* 217 AD2d 612, 613 [1995]). The plaintiff argues that it cites Civil Service Law § 209-a (1) (d) merely for the purpose of demonstrating standing, but that the merits of this action are not within PERB's jurisdiction. We reject its attempt to evade the consequences of its standing argument; clearly, the plaintiff cannot have it both ways.

In light of our determination, the parties' remaining contentions need not be addressed. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.