■ In the Matter of PATROLMAN'S BENEVOLENT ASSOCIATION OF SOUTHAMPTON TOWN, INC., on Behalf of JOHN DOE No. 1 and Others, Appellant, v TOWN OF SOUTHAMPTON et al., Respondents. [913 NYS2d 715]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the Town of Southampton and the Southampton Town Police Department to appoint certain police officers as detectives, and action for a judgment declaring, among other things, that the Town of Southampton and the Southampton Town Police Department violated Civil Service Law § 59-a by not appointing certain police officers as detectives, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Mayer, J.), dated September 21, 2009, which denied the petition and dismissed the proceeding/complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly determined that the petitioner/plaintiff failed to meet its burden of establishing its standing to commence this matter. Under the applicable three-part test for associational or organizational standing, the petitioner/plaintiff must demonstrate: (1) that one or more of its members has standing to sue, (2) that the interests advanced are sufficiently germane to its purpose to satisfy the court that it is an appropriate representative of those interests, and (3) that the participation of the individual members is not required to assert the claim or to afford complete relief to it (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 331 [1998]; *Westchester County Dept. of Pub. Safety Police Benevolent Assn., Inc. v Westchester County*, 35 AD3d 592 [2006]). Here, the petitioner/plaintiff failed to meet the first prong of the test (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d at 331). Further, the petitioner/plaintiff did not demonstrate that any of the allegedly affected police officers it represents fall within the zone of interest protected by Civil Service Law § 59-a, which requires, inter alia, that a police officer shall be appointed to a detective position if he or she was serving in a detective capacity "on the date such position was classified by the local civil service commission having jurisdiction and for at least eighteen months immediately preceding such date" (Civil Service Law § 59-a [2]; *see Matter of District Attorney of Suffolk County*, 58 NY2d 436, 442 [1983]; *Dunn v Fishbein*, 123 AD2d 659, 660 [1986]; *New York Hearing Aid Socy. v Children's Hosp. & Rehabilitation Ctr. of Utica*, 91

AD2d 333, 334 [1983]). Contrary to the petitioner/plaintiff's contention, the statute does not require that a police officer receive a permanent appointment as detective simply because he or she has performed some detective or investigative work continuously for 18 months or more.

The petitioner/plaintiff also cannot meet the third prong of the test (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d at 331), as the individual circumstances of each allegedly affected police officer would need to be explored to determine whether the petitioner/plaintiff's claim has merit (*see Wallace v County of Nassau*, 302 AD2d 517, 518 [2003]; *Civil Serv. Empls. Assn. v County of Nassau*, 264 AD2d 798, 799-800 [1999]). Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.