# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**115**
**CA 10-01291**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF JAMES F. GALLAGHER, AS
PRESIDENT OF PROFESSIONAL, CLERICAL, TECHNICAL
EMPLOYEES ASSOCIATION, ON BEHALF OF HIMSELF
AND ALL MEMBERS OF PROFESSIONAL, CLERICAL,
TECHNICAL EMPLOYEES ASSOCIATION AND LARAE HENS,
PETITIONERS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

BOARD OF EDUCATION FOR BUFFALO CITY SCHOOL
DISTRICT, JAMES A. WILLIAMS, AS SUPERINTENDENT
OF CITY OF BUFFALO SCHOOL DISTRICT, CITY OF
BUFFALO DEPARTMENT OF HUMAN RESOURCES AND
OLIVIA LICATA, AS ADMINISTRATIVE DIRECTOR OF
DEPARTMENT OF HUMAN RESOURCES, CIVIL SERVICE
DIVISION, RESPONDENTS-APPELLANTS.

---

DAVID RODRIGUEZ, ACTING CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

BARTLO, HETTLER & WEISS, KENMORE (PAUL D. WEISS OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (John F. O'Donnell, J.), entered February 5, 2010 in a
proceeding pursuant to CPLR article 78. The judgment, inter alia,
granted the petition and annulled the abolition of the positions of
Director of Emergency Planning for the Buffalo City School District
and Stenographic Secretary to the Superintendent.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78
proceeding alleging, inter alia, that respondents acted in bad faith
in abolishing the positions of Director of Emergency Planning for the
Buffalo City School District and Stenographic Secretary to the
Superintendent and in replacing them with nearly identical civil-
service exempt confidential positions and seeking to annul the
determination abolishing those positions. Supreme Court properly
granted the petition.

We reject at the outset respondents' contention that petitioners
do not have standing to contest the elimination of the position of

Director of Emergency Planning.  Petitioners presented evidence that union members who were qualified for that position were harmed because respondents unlawfully eliminated the position and did not schedule a competitive examination for it (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 331; *Matter of Dental Socy. of State of N.Y. v Carey*, 61 NY2d 330, 333-334).  It is not necessary to examine the individual circumstances of each union member in order to determine whether standing exists (*see Westchester County Dept. of Pub. Safety Police Benevolent Assn., Inc. v Westchester County*, 35 AD3d 592, 594; *cf. Civil Serv. Empls. Assn. v County of Nassau*, 264 AD2d 798, 799-800, *lv denied* 94 NY2d 759).

Respondents' further contention that they were entitled to abolish the position of Director of Emergency Planning because they are entitled to abolish a position at any time is without merit.  "A public employer may in good faith abolish a civil service position for reasons of economy or efficiency . . ., but a position may not be abolished as a subterfuge to avoid the statutory protection afforded to civil servants" (*Matter of Hartman v Erie 1 BOCES Bd. of Educ.*, 204 AD2d 1037, 1037; *see Matter of Bianco v Pitts*, 200 AD2d 741).  Here, the record establishes that the position of Director of Emergency Planning was abolished in favor of a re-created civil-service exempt position entitled Homeland Security Coordinator.  Respondents, however, presented no evidence justifying the need for that position to be re-created for reasons of economy or efficiency, nor did they justify the need for that position to be classified as civil-service exempt.  The primary duty of both positions was the responsibility for emergency preparedness, including the implementation of safety plans and the organization of training programs.  In addition, both positions required a thorough knowledge of local emergency management practices, as well as a comprehensive understanding of emergency management.

We reject respondents' contention that the claim regarding the abolition of the Stenographic Secretary position is barred by the statute of limitations.  The relief sought by petitioners is in the nature of mandamus to compel (*see Matter of Weir v Canestrari*, 130 AD2d 906, 906-907; *Matter of Curtis v Board of Educ. of Lafayette Cent. School Dist.*, 107 AD2d 445, 447-448), and thus the four-month limitations period imposed by CPLR 217 (1) runs from the date upon which respondents refused to comply with petitioners' demand for reinstatement of the position (*see Weir*, 130 AD2d at 907; *Curtis*, 107 AD2d at 447).  Petitioners demanded reinstatement on March 10, 2008 and commenced this proceeding on May 30, 2008, well within the four-month limitations period.

Contrary to respondents' contention, the record establishes that the Stenographic Secretary position was abolished in bad faith, for the same reasons as those set forth with respect to the position of Director of Emergency Planning.  Respondents presented no evidence justifying the need to replace the Stenographic Secretary position with the newly created Confidential Secretary position for reasons of economy or efficiency, nor did they justify the need for that position

to be classified as civil-service exempt (*see generally Hartman*, 204 AD2d 1037).  Furthermore, the duties of the Confidential Secretary were substantially similar to those of the Stenographic Secretary.

Also contrary to respondents' contention, the claims regarding the position of Stenographic Secretary are not barred by the doctrine of res judicata (*see generally Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193, *rearg denied* 55 NY2d 878; *Troy v Goord*, 300 AD2d 1086). The settlement agreement terminating the 2006 action upon which respondents rely for their contention with respect to res judicata was limited to the issue of respondents' having abolished the Stenographic Secretary position.  Indeed, the settlement agreement did not address the creation of the civil-service exempt position of Confidential Secretary, nor did it address respondents' refusal to appoint the former employee of the Stenographic Secretary position to this newly-created position, in accordance with the terms of the settlement agreement.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court