SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**874**

**CA 12-00312**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

IN THE MATTER OF THOMAS DIETZ,
PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

BOARD OF EDUCATION OF ROCHESTER CITY SCHOOL
DISTRICT, JEAN-CLAUDE BRIZARD, SUPERINTENDENT,
ROCHESTER CITY SCHOOL DISTRICT, ROCHESTER CITY
SCHOOL DISTRICT AND EMEDE OZUNA,
RESPONDENTS-RESPONDENTS.

---

RICHARD E. CASAGRANDE, LATHAM (JAMES D. BILIK OF COUNSEL), FOR
PETITIONER-APPELLANT.

CHARLES G. JOHNSON, ROCHESTER (MICHAEL E. DAVIS OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Monroe County (Ann Marie Taddeo, J.), entered April 19, 2011 in a
proceeding pursuant to CPLR article 78.  The judgment denied the
petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking reinstatement of his employment with respondent Rochester City
School District (District).  Supreme Court denied the petition, and we
affirm.

Petitioner contends that, based on the counseling and other
social work duties he performed as a "school instructor/transition
counselor" in the District's Incarcerated Youth Program, he was
entitled to seniority rights within the "special subject tenure area"
(tenure area) of school social worker pursuant to the Rules of the
Board of Regents (8 NYCRR 30-1.8 [b] [9]; *see* 8 NYCRR 30-1.1 *et seq.*).
He further contends that, inasmuch as he was not the person with the
least seniority within that tenure area at the time his position was
abolished, the District violated Education Law § 2585 (3) in
terminating his employment.  We reject those contentions.

At the outset, we note that the relief requested in the petition
is in the nature of mandamus to compel (*see Matter of Gallagher v
Board of Educ. for Buffalo City School Dist.*, 81 AD3d 1408, 1409;

*Matter of Dorsey v Coleman*, 40 AD3d 1187, 1187-1188; *Matter of Curtis v Board of Educ. of Lafayette Cent. School Dist.*, 107 AD2d 445, 446-447; *see generally Matter of De Milio v Borghard*, 55 NY2d 216, 220), and the applicable standard of review is thus whether petitioner established "a 'clear legal right' to the relief requested" (*Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 388; *see Matter of Henriquez v New York State Dept. of Correctional Servs.*, 61 AD3d 1191, 1192). Here, the collective bargaining agreement (CBA) between the District and the union representing petitioner provided that layoffs of "school instructors" would be affected within the four separate categories of school instructors identified in the CBA rather than within tenure areas; that separate seniority lists for purposes of layoffs are maintained for school instructors; and that, "[i]n the event that positions are abolished, school instructors shall not have rights to displace teachers in regular school programs having less seniority, nor shall teachers have rights to displace school instructors having less seniority." We conclude that, by accepting employment as a school instructor and entering into the CBA as a result of his membership in the union, petitioner waived any right to be credited for seniority in the tenure area of school social worker (*see Antinore v State of New York*, 49 AD2d 6, 10-11, *affd* 40 NY2d 921; *Matter of Wiener v Board of Educ. of E. Ramapo Cent. School Dist.*, 90 AD2d 832, 833, *appeal dismissed* 58 NY2d 1115; *cf. Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v Lakeland Fedn. of Teachers, Local 1760, Am. Fedn. of Teachers, AFL-CIO*, 51 AD2d 1033, 1034). Thus, the court properly denied the petition.

In view of our determination, we do not address respondents' contention with respect to an alternative ground for affirmance.

Entered:  September 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court