UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand seventeen.

Present:
AMALYA L. KEARSE,
JOHN M. WALKER, JR.,
PETER W. HALL,
     *Circuit Judges.*

---

CAROL A. MCRAE, LORI BUCCI, ANN D. CURRIER, PAUL E. PROVOST, KATHLEEN E. LACY, JOHN J. MECCA,

    PLAINTIFFS-APPELLANTS,

V.

NEW YORK STATE THRUWAY AUTHORITY; ROBERT L. MEGNA, A/K/A BOB MEGNA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE NEW YORK STATE THRUWAY AUTHORITY; JOANNE M. MAHONEY, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS CHAIR OF THE NEW YORK STATE THRUWAY AUTHORITY; DONNA J. LUH, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS VICE-CHAIR OF THE NEW YORK STATE THRUWAY AUTHORITY BOARD OF DIRECTORS; E. VIRGIL CONWAY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY; RICHARD N. SIMBERG, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY; J. DONALD RICE JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE

16-3048-cv

THRUWAY AUTHORITY; AND JOSE HOLGUIN-VERAS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS BOARD MEMBER OF THE NEW YORK STATE THRUWAY AUTHORITY,

DEFENDANTS - APPELLEES.

| For Appellants: | RYAN T. DONOVAN, Harris, Conway & Donovan, PLLC, Albany, New York. |
|---|---|
| For Appellees: | BETH A. BOURASSA, (Christopher W. Meyer, Norma G. Meacham, Monica R. Skanes, *on the brief*), Whiteman Osterman & Hanna LLP, Albany, New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Carol A. McRae, Lori Bucci, Ann D. Currier, Paul E. Provost, Kathleen E. Lacy, and John J. Mecca (collectively the "M/C employees"), appeal the United States District Court for the Northern District of New York's grant of the New York State Thruway Authority's (the "Thruway Authority") Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings.

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6), accepting as true all the material facts alleged in the complaint and construing all reasonable inferences in appellants' favor. *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 271 (2d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To state a claim under the Due Process Clause, "a plaintiff must show that she has a property interest, created by state law, in the employment or the benefit that was removed." *Bernheim v. Litt*, 79 F.3d 318, 322 (2d Cir. 1996). "Discretionary salary increase[s are] not a form of property protected by the Constitution against deprivation without due process of law." *Leventhal v. Knapek*, 266 F.3d 64, 77 (2d Cir. 2001); *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005). A salary increase is discretionary unless the entitlement to the benefit is "virtually assure[d]." *Bernheim*, 79 F.3d at 323.

The M/C employees alleged in their Complaint that they have a property interest in the salary increases, step advances, and longevity payments that were to be paid in 2009, 2010, and 2011, (collectively, the "2008 Compensation Increases"), as a result of salary increases provided in the Thruway Authority's Board of Directors' (the "Board") Resolution number 5707, and the corresponding Executive Instruction (the "2008 Resolution"). We hold that the 2008 Resolution reflects a discretionary policy of the Thruway Authority and that the M/C employees failed to allege a constitutionally protected property interest in the 2008 Compensation Increases as well as the retirement benefits and wages that they allegedly earned based on those increases.

The district court properly found that the 2008 Resolution reserved the Board's discretion to issue salary increases in 2009 to 2011. Pursuant to New York State's Taylor Law, M/C employees are prohibited from collectively bargaining for wage and retirement packages with the Thruway Authority. *See* N.Y. Civ. Serv. Law §§ 201(7), 214. Instead, it is within the Board's and the Executive Director's unilateral discretion to authorize and make wage determinations for

the M/C Employees by Resolution and Executive Instruction. N.Y. Pub. Auth. Law § 354(6); N.Y. Civ. Serv. Law § 2(9). The Thruway Authority's Salary Manual explains the Executive Director's discretion in awarding step advances and longevity payments, which are further conditioned upon satisfactory employee performance. *See Bernheim*, 79 F.3d at 323; *see also Aeneas McDonald Police Benevolent Ass'n v. City of Geneva*, 92 N.Y.2d 326, 333, 703 N.E.2d 745, 749 (1998) (noting a municipal resolution generally is "a unilateral action that is temporary in nature . . . and does not create any vested contractual rights"). Moreover, as the district court pointed out, the language in the 2008 Resolution may have reflected the Board's discretion to issue salary increases in 2009 through 2011 because it provided "that the Board continue to monitor and review this issue during the next fiscal year," App'x at 161, and further "the [Executive Instruction] that broadcasted the resolution does not refer to a promise, but merely states that the Board 'approved the . . . compensation package.'" App'x at 253 (quoting App'x at 163).

The Thruway Authority's retained discretion provided in the enabling statute, Salary Manual, and the language in the 2008 Resolution is further reinforced by New York case law holding that resolutions pertaining to employee benefits and salaries are generally interpreted as policy statements and do not rise to the level of a protected property interest. *Pa. R.R. Co. v. New York*, 11 N.Y.2d 504, 511–12, 184 N.E.2d 588, 591–92 (1962). The M/C employees' arguments to the contrary center on the absence of discretionary language in the 2008 Resolution, by highlighting language that the salaries will "be increased." They also contend that the "monitor and review" language does not reflect the Board's or the Executive Director's reservation of its discretion. This, however, is not enough. Under New York law, for the 2008 Resolution to create a property interest in the 2008 Compensation Increases, the M/C employees

4

needed to plead facts in their Complaint that would show the Thruway Authority "intended to 'fetter[] its power in the future'" with respect to the M/C Employees' compensation packages. That is, facts demonstrating that by passing the 2008 Resolution the Thruway Authority intended to create a private contractual or vested right in the 2008 Compensation Increases. *See Retired Pub. Employees Ass'n, Inc. v. Cuomo*, 123 A.D.3d 92, 96–97, 995 N.Y.S.2d 757, 761 (N.Y. App. Div. 3d Dep't 2014) (quoting *Pa. R.R. Co.*, 11 N.Y.2d at 511–12, 184 N.E.2d at 591 and *Cook v. City of Binghamton*, 48 N.Y.2d 323, 330, 398 N.E.2d 525 (1979)). The M/C employees have failed to do so. The 2009, 2010, and 2011 Resolutions each give the Executive Director the power to authorize deferral of payment of the salary increases, step advances, and longevity payments "until such time as he determines appropriate." These resolutions do not affirmatively state that such payments ultimately will occur and leave open the possibility that the Executive Director might never determine that such payments would be appropriate. This language, therefore, does not give rise to any contractual rights or otherwise "fetter[] [the Thruway Authority's] power in the future" concerning the payment of the M/C employees' salary increases. *See Pa. R.R. Co.*, 11 N.Y.2d at 511, 184 N.E.2d at 591.

The M/C employees likewise failed to establish a property interest derived from an implied contract with the Thruway Authority. Asserting that under *Ezekwo v. N.Y.C. Health & Hosps. Corp.*, 940 F.2d 775 (2d Cir. 1991), an employer's "policy and practice," along with assurances of a future benefit, can create an implied contract with its employees, *id.* at 783, the M/C employees argue that the Thruway Authority's repeated assurances created an understanding that the M/C employees would be paid in accordance with the 2008 Salary Schedule in 2009, 2010, and 2011, that they relied detrimentally on the Thruway Authority's Resolutions deferring payments of the 2008 Compensation Increases, and on individual

5

reassurances to certain employees that the proposed 2008 Compensation Increases would be paid. The M/C employees' reliance on *Ezekwo* is misplaced. *See Ezekwo*, 940 F.2d. at 783.

*Ezekwo* concerned a dispute between a physician and a hospital that declined to make the physician the Chief Resident after the hospital changed its policy from a rotation system to a merit based system. *Ezekwo*, 940 F.2d at 778–79, 783. The *Ezekwo* Court held that the hospital's established practice and policy of rotating all residents through the Chief Resident position, and Ezekwo's reliance on that policy when she began the hospital's residency program, established an implied contract. *Id.* at 783. The Court highlighted that, in addition to the hospital's representations and previous practices, "Ezekwo's interest in the position of Chief Resident was more than merely financial," and "was of significant professional value." *Id.*

Unlike in *Ezekwo*, the M/C employees have not pleaded facts establishing a pattern or practice of the Thruway Authority to guarantee salary increases provided by Resolution. Nor have they asserted facts establishing that they relied on any Thruway Authority policy or practice to their detriment. The Thruway Authority's determination not to provide compensation increases in 2009, 2010, and 2011, was not a deviation from any policy and practice. The M/C employees, unlike the doctor in *Ezekwo*, have not pleaded a legitimate claim of entitlement to the proposed 2008 Compensation Increases or the retirement benefits and wages that they allegedly earned based on those increases. Moreover, the property interest the M/C employees seek to assert is "merely financial" and does not rise to the level of some additional significant personal or professional value subject to due process protection. *Id.* at 782–83. Their claim that a property interest arose by an implied contract, therefore, also fails.

We have considered Appellants' remaining arguments and find them to be without merit.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk