Matter of Spence v New York State Off. of Mental Health (2022 NY Slip Op 07484)

Matter of Spence v New York State Off. of Mental Health

2022 NY Slip Op 07484

Decided on December 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 29, 2022

533624
[*1]In the Matter of Wayne Spence, as President of the New York State Public Employees Federation, AFL-CIO, et al., Appellants,
v
New York State Office of Mental Health et al., Respondents.

Calendar Date:November 18, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Fisher, JJ.

Edward J. Greene Jr., New York State Public Employees Federation, AFL-CIO, Albany (Kimberly A. Livingstone of counsel), for appellants.
Letitia James, Attorney General, Albany (Andrea Oser of counsel), for respondents.

Clark, J.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), entered June 9, 2021 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition.
In January 2021, petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, claiming that, following either a COVID-19 exposure or a positive COVID-19 test, respondents unlawfully denied paid quarantine leave to petitioners Vivienne Chambers, Katie Lamb, Danielle Gjergji and Joey Raymond (hereinafter the employee-petitioners), all of whom were represented by the New York State Public Employees Federation, AFL-CIO (hereinafter PEF).
Petitioner Wayne Spence, president of PEF, further alleged that respondents had similarly denied paid quarantine leave to numerous other employees represented by PEF and brought the claims on their behalf. Petitioners specified that the denials of the requests for paid quarantine leave were arbitrary and capricious and contrary to the law and the guidance memorandums. Further, petitioners sought a declaratory judgment stating that all PEF members are entitled to paid leave for any and all quarantine periods and an order that retroactively provided leave to any affected PEF members.
In April 2021, respondents moved to dismiss the petition and provided evidence that the employee-petitioners had been retroactively granted paid quarantine leave and credited for the accruals used upon the prior denials. Petitioners acknowledged the back-credits but opposed the motion and provided a list of other PEF members who had been wrongfully denied paid quarantine leave.
Supreme Court found that the CPLR article 78 claims were moot because the employee-petitioners had received the relief they sought when their accruals were retroactively restored, and the exception to the mootness doctrine was not established.[FN1] Further, Supreme Court found that the request for declaratory relief was duplicative of the CPLR article 78 proceeding, unnecessary and an improper vehicle to challenge the denials. As a result, Supreme Court granted the motion and dismissed the petition. Petitioners appeal.
Initially, as petitioners conceded at oral argument, the appeal, inasmuch as it relates to the claims brought by the employee-petitioners, is moot, as each of the employee-petitioners has been retroactively granted the relief sought through the petition (see Matter of Brown v City of Schenectady, 209 AD3d 128, 131-132 [3d Dept 2022]; Matter of Canarelli v New York State Dept. of Corr. & Community Supervision, 177 AD3d 1058, 1059 [3d Dept 2019]; Miszko v Leeds & Morelli, 3 AD3d 726, 726 [3d Dept 2004]). However, petitioners argue that Supreme Court also erred by dismissing the claims brought by Spence, on behalf of other similarly-situated nonparty PEF members, seeking CPLR article 78 relief and declaratory judgment regarding denials of paid quarantine [*2]leave to those other members. While Supreme Court did not expressly address the question, respondents argue that Spence lacks organizational standing to bring these claims and, as a result, we should affirm Supreme Court's judgment. We agree with respondents.
For an organization or association to bring a claim on behalf of its members, it must first establish that it has organizational standing to bring such claim. To do so, an organization "must show that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; accord Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 51 [2019]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 775 [1991]). Here, we are satisfied that, like the employee-petitioners, other PEF members who were denied paid quarantine leave have standing to challenge such denial, and that PEF's interest in protecting its members' accrued leave falls within its organizational purpose. However, Spence fails to meet the third prong of the organizational standing test, as the determination as to whether an individual PEF member is entitled to paid quarantine leave requires an inquiry into the specific circumstances surrounding such request for leave (see Wallace v County of Nassau, 302 AD2d 517, 518 [2d Dept 2003]; Civil Serv. Empls. Assn. v County of Nassau, 264 AD2d 798, 799-800 [2d Dept 1999], lv denied 94 NY2d 759 [2000]; compare Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 332 [1998]; Matter of People v Schofield, 199 AD3d 5, 11 [3d Dept 2021]). As a result, Spence cannot claim organizational standing to bring these claims on behalf of PEF members, and his claims were appropriately dismissed.
In light of the mootness of the employee-petitioners' claims and Spence's lack of organizational standing, the declaratory judgment claim was properly dismissed, as there is no justiciable dispute among the parties (see Matter of Canarelli v New York State Dept. of Corr. & Community Supervision, 177 AD3d at 1059; Matter of Pettersen v Town of Fort Ann, 72 AD3d 1322, 1323 [3d Dept 2010]).
Egan Jr., J.P., Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Alternatively, Supreme Court found that the employee-petitioners failed to exhaust the administrative remedies available to them.