In the Matter of Thomas W. Gooshaw et al., Appellants, v City of Ogdensburg et al., Respondents. [889 NYS2d 722]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered September 25, 2008 in St. Lawrence County, which, among other things, converted an action for declaratory judgment into a proceeding pursuant to CPLR article 78 and granted respondents' motion for, among other things, summary judgment dismissing the petition.

Petitioners were retired firefighters formerly employed by respondent City of Ogdensburg's fire department. They claim that the collective bargaining agreement (hereinafter CBA) in place at the time they retired provided that the City would pay "100 percent of the cost" of their health insurance.[1] In that regard, the City not only paid the premiums for health insurance for all retired firefighters, but—until January 1, 2001—also reimbursed them for any cost incurred in obtaining health coverage under Medicare Part B. In 2005, petitioners filed a complaint claiming that the City had breached the CBA by refusing to cover the cost of these Medicare Part B premiums and sought a declaratory judgment to the effect that the City, under the CBA, was required to reimburse them for these payments.[2] After both sides moved for summary judgment, Supreme Court, pursuant to CPLR 103 (c), converted the action into a CPLR article 78 proceeding, applied a four-month statute of limitations and dismissed the petition as untimely (see CPLR 217). Petitioners now appeal.

Initially, we note that the principal claim made by petitioners is that respondents breached the CBA by failing to honor their contractual obligation "to pay for one hundred percent (100%) of the cost of retirees' health insurance, including Medicare Part B premiums." "[W]here the focus of the controversy is on an agency's breach of an express contractual right, . . . a contract action is the recommended remedy" (*Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 8 [1997]; *see Matter of Steve's Star Serv. v County of Rockland*, 278 AD2d 498, 499-500 [2000]). Here, the "primary thrust" of petitioners' claim was to enforce a provision in the CBA that they alleged created a contractual obligation requiring the City to reimburse them for payments they made for Medicare Part B coverage (*Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d at 8). "The proper vehicle for seeking damages arising from an alleged breach of contract by a public official or governmental body is an action for breach of contract, not a proceeding pursuant to CPLR article 78" (*Kerlikowske v City of Buffalo*, 305 AD2d 997, 997 [2003] [citations omitted]; *see Sims v State of New York*, 30 AD3d 949, 949-950 [2006]; *Calfapietra v Donahue*, 100 AD2d 504 [1984]). Accordingly, since this claim involves an allegation that the City breached its contractual obligations

---

1. Thirty-five percent of the cost of health insurance for petitioners' dependents would also be paid by the City.

2. The matter was initially filed as a class action; however, after two amendments, the same claims are now asserted on behalf of petitioners, in their individual capacities.

under the CBA, Supreme Court erred in converting the action to a CPLR article 78 proceeding and the six-year statute of limitations applies here (*see* CPLR 213). Therefore, the court erred in granting respondents' motion for summary judgment and dismissing the petition as untimely.

In support of their motion, petitioners claim that because an arbitrator on similar facts previously found that the CBA required the City to make these payments, the City should be estopped here from denying the existence of this contractual obligation.[3] The doctrine of collateral estoppel can apply to findings rendered as the result of an arbitration proceeding (*see Mahler v Campagna*, 60 AD3d 1009, 1011 [2009]), and respondents do not deny that the issue of its obligation to make these payments was before the arbitrator or that it had a full and fair opportunity in that proceeding to litigate it (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *NAMA Holdings, LLC v Greenberg Traurig, LLP*, 62 AD3d 578, 579 [2009]). Instead, respondents claim that the doctrine of collateral estoppel does not apply here because the CBA has undergone extensive revisions as a result of ongoing negotiations between the City and the firefighters' union and that the contract that was before the arbitrator was not identical to the CBAs that were in effect when all of the petitioners retired (*see Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]; *Buechel v Bain*, 97 NY2d at 303-304).

We note that petitioners did not all retire at the same time and the City is correct that the provisions of the CBAs in place on the date of their respective retirements were not, in each instance, entirely the same. Specifically, the CBA in place when 10 of the petitioners retired provided that "the City will pay 100% of the cost for health insurance for retired employees together with 35% of the costs for health insurance for any depend[e]nts of a retired employee." In 1990, the CBA was renegotiated and the following language—which was the subject of the arbitration proceeding—was in place when the remaining six petitioners retired: "For current active employees retiring under the terms of this contract, the City will pay 100% of the cost of the Lawrence Plan or the M.V.P. (HMO) Plan for retired employees together with 35% of such cost for any depend[e]nts of a retired employee, where the retired employee's coverage is the same as that for active employees . . . Retirees receiving

---

**3.** The CBA only permitted the firefighters' union, and not individuals, to submit grievances to arbitration, and the union refused petitioner Thomas W. Gooshaw's request to prosecute this grievance through arbitration, requiring the commencement of this matter.

Medicare will be eligible for Lawrence Plan coverage only, at no cost to them.''

While the CBA as renegotiated in 1990 limited the choice that retired firefighters had regarding their health plan, it did not alter or modify the City's obligation to provide them with a fully funded health insurance program. Moreover, in her determination, the arbitrator concluded that the "City payment of Medicare reimbursement did not change with the changed language and for many years, through several contracts, so that the meaning of the contract remained the same after the language change." In addition, the arbitrator took specific note of the fact that while these CBAs had been the subject of extensive renegotiation during the 15-year period immediately preceding the arbitration, the City continued its practice of reimbursing retired firefighters for the payment of these premiums, and at no time was a provision included in the CBA to the effect that the City was not obligated to make these payments. As such, the arbitrator's decision and her finding that the City is obligated to reimburse retired firefighters for these payments under the CBA is dispositive of the claims raised here and the City is estopped from claiming otherwise in this litigation. Summary judgment should have been granted in petitioners' favor on their second cause of action.

Spain, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as converted the matter to a CPLR article 78 proceeding, granted respondents' motion for summary judgment and denied petitioners' motion for summary judgment in its entirety; matter converted to a declaratory judgment action, respondents' motion denied and petitioners' motion granted to the extent of awarding summary judgment in the second cause of action, and it is declared that respondent City of Ogdensburg is required to reimburse retired firefighters for Medicare Part B premiums; and, as so modified, affirmed.