Rose, J.
 

 Appeal from an order of the Supreme Court (Fer-reira, J.), entered August 3, 2016 in Albany County, which granted defendant’s motion to dismiss the amended complaint.
 

 Plaintiffs are former police officers and the spouses of former police officers who retired from their employment with defendant at various times. In October 2015, plaintiffs commenced this breach of contract action, claiming that defendant breached the collective bargaining agreements (hereinafter CBAs) that were in existence at the time of the police officers’ retirements by refusing to reimburse plaintiffs for the cost of their Medicare Part B premiums. Prior to 1985, defendant participated in the New York State Employee Health Insurance Plan (hereinafter NYSHIP), which provided health insurance coverage for both active and retired police officers, as well as their spouses. Pursuant to NYSHIP, once a retiree reached the age of 65 and enrolled in the Federal Medicare program, NYSHIP would provide secondary health insurance coverage and defendant would reimburse the retiree for his or her cost of Medicare Part B premiums. In 1985, defendant became self-insured for health insurance purposes and discontinued its participation in NYSHIP. At that point, the unions representing the active police officers negotiated new health insurance coverage and included a provision (hereinafter the health care provision) in each subsequent CBA providing that “[a] 11 employees in the bargaining unit shall be eligible for hospitalization and medical insurance for themselves and all of their eligible dependents pursuant to [certain] plan options . . . which provide [ ] benefits at the same or higher level as were provided under [NYSHIP].”
 

 Plaintiffs allege that, pursuant to the health care provision, defendant continued to reimburse retirees and their spouses for the cost of Medicare Part B premiums for the next 25 years. As of January 1, 2010, however, defendant indicated that it would not make reimbursement payments to plaintiffs, who were not yet enrolled in Medicare Part B, prompting plaintiffs to commence this action for breach of contract. In response, defendant moved to dismiss the amended complaint for failure to state a cause of action (see CPLR 3211 [a] [7]) and included with its motion an affidavit by Elayne Gold, its designated collective bargaining representative. Ultimately, Supreme Court granted defendant’s motion, finding that the language of the health care provision unambiguously did not apply to retirees. In the alternative, Supreme Court found that Gold’s affidavit conclusively established that plaintiffs have no cause of action. This appeal ensued.
 

 Plaintiffs, relying on the language of the health care provision and defendant’s practice of reimbursements from 1985 to 2009, maintain that they stated a cause of action for breach of contract. We cannot agree. “In determining the obligations of parties to a contract, the threshold determination as to whether an ambiguity exists is a question of law to be resolved by the court” (Agor v Board of Educ., Northeastern Clinton Cent. Sch. Dist., 115 AD3d 1047, 1048 [2014] [citations omitted]; see Consedine v Portville Cent. School Dist., 12 NY3d 286, 293 [2009]; Vectron Intl., Inc. v Corning Oak Holding, Inc., 106 AD3d 1164, 1165 [2013]). An “[a]mbiguity exists if the language used lacks a definite and precise meaning, and there is a reasonable basis for a difference of opinion” (Vectron Intl., Inc. v Corning Oak Holding, Inc., 106 AD3d at 1165 [internal quotation marks and citation omitted]; see Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]). As relevant here, “[o]nly when a contract is ambiguous can the interpretation placed upon it by the parties, as shown by their conduct, be considered in determining their intent, and even then, the parties’ practices are ‘merely an interpretive tool and cannot be used to create a contractual right independent of some express source in the underlying agreement’ ” (Karol v Polsinello, 127 AD3d 1401, 1404 [2015], quoting Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 333 [1998]).
 

 Upon our review of the health care provision, we find that it unambiguously failed to grant retirees the right to reimbursement for the cost of Medicare Part B premiums. In this regard, the health care provision explicitly limits the eligibility for health care benefits to “employees in the bargaining unit” and no reference is made to retirees or to health care benefits to be paid in retirement (compare Myers v City of Schenectady, 244 AD2d 845, 845-846 [1997], lv denied 91 NY2d 812 [1998]). Moreover, it is clear that retirees are no longer part of the bargaining unit upon their retirement and, therefore, “employees in the bargaining unit” cannot be read to encompass retirees (see generally Agor v Board of Educ., Northeastern Clinton Cent. Sch. Dist., 115 AD3d at 1049). Thus, although NYSHIP obligated defendant to reimburse retirees for the cost of Medicare Part B premiums and the health care provision provided for the “same or higher level” of benefits, we find that the plain language of the provision is susceptible to only one reasonable interpretation—namely, that it does not provide for any reimbursement to retirees for the cost of Medicare Part B premiums (compare Kolbe v Tibbetts, 22 NY3d 344, 355 [2013]; Agor v Board of Educ., Northeastern Clinton Cent. Sch. Dist., 115 AD3d at 1048-1049). In light of our finding, the evidence concerning defendant’s past practice may not be considered (see Karol v Polsinello, 127 AD3d at 1404).
 
 *
 

 Finally, to the extent that plaintiffs contend that Supreme Court converted defendant’s motion to dismiss into a motion for summary judgment by considering Gold’s affidavit, the record refutes this claim. In sum, we find that Supreme Court properly granted defendant’s motion to dismiss the amended complaint.
 

 Garry, J.P., Mulvey and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 *
 

 Recently, in a proceeding commenced by active employees of defendant to annul a determination of the Public Employee Relations Board, this Court found that defendant’s actions in providing reimbursements to retirees for 25 years constituted a past practice that could not be unilaterally discontinued pursuant to the Taylor Law (see Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d 1236, 1239-1240 [2017]). We note that a different standard applies when considering past practices in the Taylor Law context (see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d at 332-333) and, thus, our holding in that case has no bearing on whether plaintiffs stated a cause of action for breach of contract.