Holloway v City of Albany (2019 NY Slip Op 00940)





Holloway v City of Albany


2019 NY Slip Op 00940


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

526897

[*1]JOHN HOLLOWAY et al., Appellants,
v
CITY OF ALBANY et al., Respondents.

Calendar Date: December 12, 2018

Before: Clark, J.P., Mulvey, Devine and Rumsey, JJ.


Thomas J. Jordan, Albany, for appellants.
Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Supreme Court (O'Connor, J.), entered February 12, 2018 in Albany County, which, among other things, denied plaintiffs' motion for summary judgment.
Plaintiffs are former firefighters who retired from their employment with defendant City of Albany (hereinafter defendant) between 1988 and 2009. Defendant's firefighters are unionized, and their collective bargaining agreements (hereinafter CBAs) have consistently included a section 27.1 directing defendant to "present proposals to the [firefighters'] [u]nion for discussion and possible agreement" if it "wishe[d] to change the existing health insurance plan." In the absence of agreement, an arbitrator would be tasked with determining "whether the new . . . proposal grants substantially equivalent coverage to members of the bargaining unit" so as to be permissible.
Defendant announced that it was ending its longstanding practice of reimbursing retired firefighters for their Medicare Part B premiums with regard to those who enrolled in the program on or after January 1, 2010. The firefighters' union was caught unaware by the announcement and initiated a grievance alleging that ending the reimbursement violated section 27.1 of the CBA. An arbitrator sustained the grievance in 2010, determining that the Medicare Part B premium reimbursement was a component of "the existing health insurance plan" and that it could not be ended absent compliance with section 27.1. Thereafter, the same arbitrator presided over expedited proceedings to determine whether a health insurance plan without the reimbursement provided coverage "substantially equivalent" to one with it. In 2012, the arbitrator determined that it did not and directed defendant to make whole "all individuals affected by [the reimbursement's] elimination." The union successfully applied for confirmation of the 2012 award pursuant to CPLR article 75.
Plaintiffs either enrolled in Medicare Part B after January 1, 2010 or will be doing so and, notwithstanding the 2012 arbitration award, have not been and will not be reimbursed by defendant for their premiums. The result was the present action, commenced in 2015, alleging [*2]that defendant had breached whichever CBA was in effect at each plaintiff's retirement and was collaterally estopped by the 2012 arbitration award from arguing to the contrary. Plaintiffs then moved for, among other things, summary judgment. Supreme Court determined that collateral estoppel did not apply, found ambiguities in the language of section 27.1 and denied the motion for summary judgment. Plaintiffs now appeal, acknowledging that section 27.1, as written, is ambiguous but arguing that the proceedings culminating in the 2012 arbitration award resolved, with preclusive effect, that ambiguity in their favor. We agree.
Arbitration awards are entitled to collateral estoppel effect and will bar a party from relitigating a material issue or claim resolved in the arbitration proceeding after a full and fair opportunity to litigate (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 196 [1980]; Hagopian v Karabatsos, 157 AD3d 1020, 1022 [2018]; Matter of Gooshaw v City of Ogdensburg, 67 AD3d 1288, 1290 [2009])[FN1]. It is undisputed that the arbitration award, rendered after a formal evidentiary hearing at which the parties were represented by counsel, afforded defendant a full and fair opportunity to litigate the issues therein. Accordingly, the only question is whether plaintiffs, as the parties seeking to invoke collateral estoppel, satisfied their burden of "show[ing] the identity of the issues" between those resolved in the arbitration awards and those in play here (Matter of Dunn, 24 NY3d 699, 704 [2015]; see Rosen v Kaplan, 161 AD3d 1355, 1356 [2018]).
Even if, as defendant suggests, the language of section 27.1 is unambiguous, the arbitrator was free to consider parol evidence, such as the past practice of the parties, in rendering a binding interpretation that captured its "spirit rather than [its] letter" (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582 [1977]; accord Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 332 [1998]; see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]). In the 2010 arbitration award, the arbitrator observed that defendant had reimbursed retired firefighters for their Medicare Part B premiums since the 1960s and did so for decades after it was no longer required, leading her to conclude that the reimbursement constituted part of the "existing health insurance plan" that could not be discontinued absent compliance with section 27.1. The arbitrator also rejected defendant's contention that section 27.1 had no applicability because retired firefighters were not "members of the bargaining unit" protected by that provision. A further articulation for that point was provided in the 2012 arbitration award, where the arbitrator explained that the reimbursement was a form of deferred compensation and was one of the health insurance benefits afforded to current employees (see e.g. Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d 1479, 1481 [2012], affd 21 NY3d 255 [2013]). In other words, while "retirees are no longer part of the bargaining unit upon their retirement" (Adamo v City of Albany, 156 AD3d 1017, 1019 [2017], appeal dismissed and lv denied 31 NY3d 1041 [2018]), the arbitrator determined that section 27.1 applied because the reimbursement entitlement was earned by the retirees while they were working (see Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d at 1481; Della Rocco v City of Schenectady, 252 AD2d 82, 84 [1998], lvs dismissed 93 NY2d 999, 1000 [1999]; see e.g. Agor v Board of Educ., Northeastern Clinton Cent. Sch. Dist., 115 AD3d 1047, 1049 [2014]).
The 2010 and 2012 arbitration awards were never vacated — indeed, the 2012 award was confirmed — and are binding. Inasmuch as plaintiffs retired during the period that the reimbursement was provided to retirees under CBAs containing section 27.1, the finding in those awards "that [defendant] is obligated to reimburse retired firefighters for these payments under the CBA is dispositive of the claims raised here" (Matter of Gooshaw v City of Ogdensburg, 67 [*3]AD3d at 1291). Plaintiffs therefore met their burden of showing identity of issue, and their motion for summary judgment should have been granted.
Clark, J.P., and Rumsey, J., concur.




Mulvey, J. (dissenting).


Supreme Court properly denied plaintiffs' motion for summary judgment because the relevant contractual language is ambiguous (as acknowledged by the majority) and the prior arbitration did not address the identical issue raised in this action. Arbitration awards are entitled to collateral estoppel effect to prevent relitigation of a claim (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 196 [1980]; Hagopian v Karabatsos, 157 AD3d 1020, 1022 [2018]). The party seeking the benefit of collateral estoppel must first demonstrate "the identity of the issues in the present litigation and the prior determination," at which point the burden shifts to the other party to establish that it lacked a full and fair opportunity to litigate the issue in the prior action or proceeding (Rosen v Kaplan, 161 AD3d 1355, 1356 [2018] [internal quotation marks and citations omitted]; see Buechel v Bain, 97 NY2d 295, 304 [2001], cert denied 535 US 1096 [2002]).
Plaintiffs, as the parties seeking to apply collateral estoppel, were required to demonstrate that the arbitrator decided the same issue that is presented in this action. In their complaint, plaintiffs seek, among other things, a declaration that defendant City of Albany (hereinafter defendant) is required to reimburse "plaintiff retirees for their Medicare Part B premium payments." The arbitration was commenced by the union representing active firefighters; no retirees were involved. The issue statement proposed to the arbitrator by defendant was "[w]hether [defendant's] health insurance plan offered on January 1, 2010, eliminating the Medicare Part B reimbursement, grants substantially equivalent coverage to members of the bargaining unit?" The arbitrator essentially adopted that issue statement, and later framed the issue as "whether, with or without the Medicare Part B premium reimbursement, [defendant] is providing substantially equivalent coverage to members of the bargaining unit." Following a hearing on the issue, the arbitrator sustained the union's grievance and concluded that "[defendant's] health insurance plan . . ., eliminating the Medicare Part B reimbursement, does not grant substantially equivalent coverage to members of the bargaining unit" (emphasis added). As this Court has noted, "retirees are no longer part of the bargaining unit upon their retirement," so the underlined phrase cannot be read to encompass retirees (Adamo v City of Albany, 156 AD3d 1017, 1019 [2017], appeal dismissed and lv denied 31 NY3d 1041 [2018]; see Agor v Board of Educ., Northeastern Clinton Cent. Sch. Dist., 115 AD3d 1047, 1049 [2014]). Indeed, the arbitrator even stated that the relevant contract provision "includes no language that guarantees retiree health insurance." Inasmuch as the arbitrator did not address whether defendant must provide Medicare Part B reimbursement to retirees, the issue in this action is not identical to the issue decided in arbitration.
I agree with Supreme Court that Matter of Gooshaw v City of Ogdensburg (67 AD3d 1288 [2009]) is distinguishable from the current action. Although there we applied collateral estoppel effect to an arbitration award, the language in the underlying contract in that case expressly obligated the municipality to pay the cost of health insurance for retired employees and, importantly, we noted that the municipality did "not deny that the issue of its obligation to make these payments was before the arbitrator" (id. at 1290). Here, the contract does not expressly provide for retiree health insurance payments, and defendant vehemently denies that the issue of such payments was before the arbitrator. Based on plaintiffs' failure to establish that the arbitration award dealt with the identical issue raised in this action and, thus, that the award must be given collateral estoppel effect, Supreme Court correctly denied their motion for summary judgment.
ORDERED that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as denied plaintiffs' motion for summary judgment; said motion granted; and, as so modified, affirmed.



Footnotes

Footnote 1: Defendant Mayor of the City of Albany was not a party to the prior arbitration but, as an official who "exercised control of the former action or whose interests were represented in" it, is also bound by the 2012 arbitration award for collateral estoppel purposes (Matter of Home of Histadruth Ivrith v State of N.Y. Facilities Dev. Corp., 114 AD2d 200, 205 [1986]).