Gaines Mar. & Servs., Inc. v CMS Mar. Stor., LLC (2019 NY Slip Op 07825)





Gaines Mar. & Servs., Inc. v CMS Mar. Stor., LLC


2019 NY Slip Op 07825


Decided on October 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 31, 2019

528195

[*1]Gaines Marina & Services, Inc., et al., Respondents,
v
CMS Marine Storage, LLC, et al., Appellants.

Calendar Date: September 4, 2019

Before: Egan Jr., J.P., Clark, Devine, Aarons and Pritzker, JJ.


Fischer, Bessette, Muldowney & McArdle, LLP, Malone (Robert R. Lawyer III of counsel), for appellants.
Cullen & Dykman, LLP, Albany (Nicholas J. Faso of counsel), for respondents.



Clark, J.
Appeal from an order of the Supreme Court (Powers, J.), entered June 27, 2018 in Clinton County, which, among other things, granted plaintiffs' motion for summary judgment.
In 2016, pursuant to an asset purchase agreement, plaintiffs sold defendants the Gaines Marina & Gaines Marina Boat Shop and Storage Yard, located in the Town of Champlain, Clinton County, for a total of $6 million. The sale included, among other things, all real property and assets — tangible and intangible — used in connection with the marina. After the sale closed, defendants registered the vehicles that they had acquired in the sale and paid the associated sales tax. After defendant CMS Marina, LLC submitted form AU-196.10, entitled "Notification of Sale, Transfer, or Assignment in Bulk," to the Department of Taxation and Finance, the Department informed CMS Marina, LLC that it was liable for the payment of $248,000 in sales tax on the tangible personal property it had purchased. Due to the subsequent reclassification of certain acquired property and defendants' successful administrative appeal of the assessed penalty, the amount owed to the Department was later reduced to $91,422.
After defendants sought to recoup from plaintiffs the sales tax owed on the assets acquired in the sale, plaintiffs commenced this declaratory judgment action seeking a declaration that defendants — not them — were liable for the payment of the sales tax assessed by the Department. Defendants joined issue and interposed several counterclaims, including that plaintiffs had breached the terms of the asset purchase agreement and that plaintiffs were required to reimburse them for the sales tax they had paid when registering the vehicles acquired in the sale. The parties thereafter filed competing motions for summary judgment.[FN1] Supreme Court denied defendants' motion and granted plaintiffs' motion, declaring that plaintiffs were not responsible for payment of the disputed sales tax. Defendants appeal.
Defendants contend that plaintiffs agreed — in section 2.4 (b) of the asset purchase agreement — to assume responsibility for the payment of sales tax due on any tangible personal property purchased or acquired and that Supreme Court erred in concluding otherwise. "Interpreting a contract 'is the process of determining from the words and other objective manifestations of the parties what must be done or forborne by the respective parties in order to conform to the terms of their agreement[]'" (Tomhannock, LLC v Roustabout Resources, LLC, 33 NY3d 1080, 1082 [2019], quoting 11 Richard A. Lord, Williston on Contracts § 30:1 [4th ed May 2019 update]). Courts must construe written agreements in accord with the parties' intent, and the best indicator of intent is what the parties say in their agreement (see 2138747 Ontario, Inc. v Samsung C & T Corp., 31 NY3d 372, 377 [2018]; Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Thus, when a written agreement is complete, clear and unambiguous, "the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and reading the contract as a whole" (Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]; see Greenfield v Philles Records, 98 NY2d at 569).
In relevant part, section 2.4 (b) of the asset purchase agreement, entitled Retained Liabilities, states: "The following liabilities (the 'Retained Liabilities') shall remain the sole responsibility of and shall be retained, paid, performed and discharged solely by Sellers. Retained Liabilities shall mean every Liability of Sellers other than the Assumed Liabilities, including . . . (ii) any Liability for Taxes, including . . . (B) any Taxes that will arise as a result of the sale of the Assets pursuant to this Agreement." The term "Taxes" is expressly defined in exhibit B of the agreement. Under that definition, "'Taxes' means any federal, state, local or foreign[] real property, personal property, sales, use, excise, room, occupancy, ad valorem or similar taxes, assessments, levies, charges or fees imposed by any Governmental Authority on Sellers with respect to the applicable Assets or the Business, including, without limitation, any interest, penalty or fine with respect thereto, but expressly excluding any: (i) federal, state, local or foreign income, capital gain, gross receipts, capital stock, franchise, profits, estate, gift or generation skipping tax; or (ii) transfer, documentary stamp, recording or similar tax, levy, charge or fee incurred with respect to the transactions described in th[e] Agreement."
We agree with Supreme Court that, read carefully and together with the definitions in exhibit B, section 2.4 (b) does not provide for plaintiffs' assumption of liability for the payment of sales tax due on the acquired personal property — a liability that is statutorily imposed on defendants, as the purchasers (see Tax Law § 1132 [c]; NY St Dept of Taxation & Fin, Tax Bulletin, TB-ST-70). Rather, section 2.4 (b) refers to any tax liabilities already imposed by law upon plaintiffs, as the sellers, and states that any such liabilities will be retained. Inasmuch as the plain language of the agreement does not, as defendants assert, evince an intent to shift liability for the payment of sales tax due on the acquired personal property to plaintiffs (see Adamo v City of Albany, 156 AD3d 1017, 1019 [2017], appeal dismissed and lv denied 31 NY3d 1041 [2018]), we affirm Supreme Court's order.
Egan Jr., J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: In addition to seeking reimbursement for sales tax they had paid on the personal property they acquired in the sale, defendants sought to recoup $40,668 in lost depreciation.