Matter of Uniformed Fire Officers Assn. of the City of Yonkers v New York State Pub. Empl. Relations Bd. (2021 NY Slip Op 05144)





Matter of Uniformed Fire Officers Assn. of the City of Yonkers v New York State Pub. Empl. Relations Bd.


2021 NY Slip Op 05144


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

532368
[*1]In the Matter of Uniformed Fire Officers Association of the City of Yonkers, Petitioner,
v
New York State Public Employment Relations Board et al., Respondents. (Proceeding No. 1.)
In the Matter of Yonkers Firefighters Local 268, IAFF, AFL-CIO, Petitioner,
v
New York State Public Employment Relations Board et al., Respondents. (Proceeding No. 2.)

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Gleason, Dunn, Walsh & O'Shea, Albany (Ronald G. Dunn of counsel), for Uniformed Fire Officers Association of the City of Yonkers, petitioner.
Archer, Byington, Glennon & Levine, LLP, Melville (Paul K. Brown of counsel), for Yonkers Firefighters Local 268, IAFF, AFL-CIO, petitioner.
New York State Public Employment Relations Board, Albany (Michael T. Fois of counsel), for New York State Public Employment Relations Board and another, respondents.
Coughlin & Gerhart, LLP, Binghamton (Nicholas S. Cortese of counsel), for City of Yonkers, respondent.



Egan Jr., J.
Proceedings pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board finding that respondent City of Yonkers did not commit an improper employer practice.
Petitioner Uniformed Fire Officers Association of the City of Yonkers (hereinafter UFOA) and petitioner Yonkers Firefighters Local 628, IAFF, AFL-CIO (hereinafter Local 628) are public employee organizations that represent firefighters and fire officers that are employed by the Yonkers Fire Department. Since at least 1995, respondent City of Yonkers has paid all active bargaining unit members of Local 628 and UFOA night differential, check-in pay and holiday pay as part of their regular salary and wages. Throughout that period, retired firefighters and fire officers that receive supplemental wage benefits pursuant to General Municipal Law § 207-a (2) have also received night differential, check-in pay and holiday pay as a component of their regular salary and wages.[FN1]
In 2015, the City sent a letter to approximately 43 retired firefighters and fire officers who were receiving General Municipal Law § 207-a (2) supplemental wage benefits, indicating that they had received benefit payments in excess of what they were entitled and that their future payments would be adjusted downward to omit night differential, check-in pay and holiday pay. Local 628 and UFOA separately filed improper practice charges with respondent Public Employment Relations Board (hereinafter PERB), the body charged with administering the Public Employees' Fair Employment Act (see Civil Service Law art 14), alleging that the City violated Civil Service Law § 209-a (1) (a) and (d) by unilaterally ending the past practice of paying night differential, check-in pay and holiday pay to current members who would be eligible to receive supplemental wage benefits under General Municipal Law § 207-a (2) upon their future retirement. The improper practice charges were consolidated for review and, following a two-day hearing, an Administrative Law Judge (hereinafter ALJ) determined, among other things, that the City violated its obligation "to negotiate in good faith with the duly recognized or certified representatives of its public employees" by unilaterally ceasing its past practice of including night differential, check-in pay and holiday pay as part of the regular salary and wages for those current employees who, upon retirement, would be entitled to General Municipal Law § 207-a (2) benefits (Civil Service Law § 209-a [1] [d]). The City filed exceptions with PERB, which reversed the ALJ's determination, concluding that the City was not prohibited from taking unilateral action with respect to retired employees and that no proof was presented to show that it had impermissibly taken similar action against current employees.
Local 628 and UFOA thereafter filed the subject CPLR article 78 petitions, in [*2]Westchester County and Albany County, respectively, asserting, among other things, that PERB's determination impermissibly exceeded the scope of the City's exceptions and that it engaged in sua sponte fact-finding that ran counter to the parties' stipulations of fact. The City moved to dismiss the petitions based upon each petitioners' failure to join a necessary party. Respondents also moved, as is relevant here, to consolidate the petitions and to change venue of Local 628's proceeding to Albany County. Supreme Court denied the City's motions to dismiss, granted respondents' motions and, finding that petitioners had raised an issue of substantial evidence, transferred the joined proceedings to this Court (see CPLR 7804 [g]).
A public employer is required to negotiate in good faith with the bargaining representative of its current employees regarding the terms and conditions of employment (see Civil Service Law §§ 201 [4]; 204 [2]; 209-a [1]; Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d 1479, 1480 [2012], affd 21 NY3d 255 [2013]), and the employer may not unilaterally alter a past practice relating to a mandatory subject of negotiation involving those employees (see Civil Service Law § 209-a [1] [d]; Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 491 [2014]; Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 331 [1998]). The City is therefore obliged to negotiate with petitioners "regarding any change in a past practice affecting [current employees'] own retirement" benefits under General Municipal Law § 207-a (2), but has no similar obligation with regard to those who had already retired, as they are no longer members of the bargaining unit and "a public employer's statutory duty to bargain does not extend to" them (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d at 332; see Civil Service Law §§ 201 [4], [7] [a]; 204; Adamo v City of Albany, 156 AD3d 1017, 1019 [2017], appeal dismissed and lv denied 31 NY3d 1041 [2018]). With that framework in mind, and mindful that our review of a PERB determination following a hearing "is limited to whether it is supported by substantial evidence, that is, whether there is a basis in the record allowing for the conclusion that PERB's decision was legally permissible [and] rational," we turn to the parties' arguments (Matter of State of New York v New York State Pub. Empl. Relations Bd., 183 AD3d 1061, 1062 [2020] [internal quotation marks and citations omitted]; see Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 21 NY3d 255, 265 [2013]).
Initially, although PERB's determination did not indicate which of the City's five exceptions it was relying upon to dismiss the improper practice charges, a review of the exceptions establishes that the City, at least implicitly, raised the issues of notice to current employees and the nonmandatory [*3]negotiability of the subject benefit payments. Accordingly, it was not irrational for PERB to address the relevant notice and negotiability issues in finding that petitioners had failed to establish that the City took any unilateral action against current employees to whom a duty to bargain was owed (see Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d 1236, 1238 [2017]; Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 78 AD3d 1184, 1186 [2010], affd 19 NY3d 876 [2012]). Nevertheless, because PERB's findings in that regard are not supported by substantial evidence in the record, its determination cannot stand.
PERB acknowledged petitioners' claims that the City made a unilateral determination to end the past practice of paying night differential, check-in pay and holiday pay in calculating regular wages and benefits to current employees should they receive General Municipal Law § 207-a (2) benefits in the future, but rejected those contentions upon the ground that petitioners had only documented the City's intent to discontinue those payments with regard to retirees to whom it owed no duty to bargain. Although PERB correctly noted that petitioners cannot challenge that finding with evidence that was outside of the administrative record, petitioners point out that PERB overlooked record evidence of the City's behavior (see Matter of Hudson Val. Community Coll. v New York State Pub. Empl. Relations Bd., 132 AD3d 1132, 1136 [2015]). Petitioners alleged in their improper practice charges, then reiterated at the hearing before the ALJ, that their challenge related to the City's unilateral reduction in General Municipal Law § 207-a (2) benefits that would be afforded to current employees upon their future retirement. The parties entered into a written stipulation of facts in the leadup to the hearing that did not address whether the City had taken action that affected current employees; they orally stipulated at the hearing, however, that "those affected [by the City's unilateral change in benefits] are those in the unit as of the alleged unilateral change," necessarily referring to current employees who are members of the bargaining units rather than the retirees who are not (see Civil Service Law §§ 201 [4], [7] [a]; 204; Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d at 332). The parties later reinforced that point by stipulating that the unilateral change was made "in a uniform[] fashion to all members of both bargaining units," again using language necessarily referring to current employees to whom the City owes a duty to bargain. In the absence of any indication that counsel lacked authority to enter into those unambiguous factual stipulations or that some cause sufficient to invalidate a contract existed for setting the stipulations aside, they are binding (see Matter of [*4]Keil v New York State Comptroller, 66 AD3d 1317, 1318 [2009]; compare Samonek v Pratt, 112 AD3d 1044, 1045 [2013]). Thus, as the parties stipulated that the City's unilateral actions impacted current employees in the bargaining units, PERB's finding that the record was barren of proof on that point is not supported by substantial evidence, and it follows that PERB's determination must be annulled (see Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd., 21 NY3d at 265; Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d 1236, 1238 [2017]).
In view of the foregoing, petitioners' remaining contentions are academic.
Garry, P.J., Clark, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and petitions granted.



Footnotes

Footnote 1: "General Municipal Law § 207-a guarantees a firefighter who is disabled in the performance of his or her duties entitlement to, among other benefits, the continued payment by his or her municipal employer of the full amount of his or her regular salary or wages until the disability has ceased" (Matter of Borelli v City of Yonkers, 187 AD3d 897, 898 [2020] [internal quotation marks, brackets, ellipsis and citations omitted], lv granted 36 NY3d 911 [2021]). "If a firefighter is granted 'an accidental disability retirement allowance,' pursuant to Retirement and Social Security Law §§ 363, 363—c or similar accidental disability pension, however, the [employer] is liable only for 'the difference between the amounts received under such allowance or pension and the amount of his [or her] regular salary or wages" (Matter of Farber v City of Utica, 97 NY2d 476, 479 [2002], quoting General Municipal Law § 207—a [2]).