Matter of Albany Police Benevolent Assn. v New York Pub. Empl. Relations Bd. (2022 NY Slip Op 01215)





Matter of Albany Police Benevolent Assn. v New York Pub. Empl. Relations Bd.


2022 NY Slip Op 01215


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

532433
[*1]In the Matter of Albany Police Benevolent Association, Petitioner,
v
New York Public Employment Relations Board et al., Respondents.

Calendar Date:January 4, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Gleason, Dunn, Walsh & O'Shea, Albany (Ronald G. Dunn of counsel), for petitioner.
New York Public Employment Relations Board, Albany (Michael T. Fois of counsel), for New York Public Employment Relations Board, respondent.
Roemer Wallens Gold & Mineaux, LLP, Albany (Matthew J. Kelly of counsel), for City of Albany, respondent.



Lynch, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Public Employment Relations Board finding that respondent City of Albany did not commit an improper employer practice.
This proceeding stems from a challenge to respondent City of Albany's decision to implement certain changes to the health insurance plans it offers to City employees. As more fully set forth in our prior decisions, in 2010, petitioner's predecessor — the collective bargaining unit that represented certain employees of the City of Albany Police Department — filed an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB) alleging that the City violated Civil Service Law article 14 (hereinafter the Taylor Law) by unilaterally discontinuing the longstanding practice of reimbursing Medicare Part B premiums for individuals whose effective date for Part B was January 1, 2010 or later (see Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 170 AD3d 1312 [2019] [hereinafter APOU II], lv denied 33 NY3d 911 [2019]; Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d 1236 [2017] [hereinafter APOU I]). Following a hearing, an Administrative Law Judge dismissed the charge, emphasizing that the City's notice of intent to discontinue such practice was sent to retirees — not active members of the bargaining unit — and "retirees are not covered by the [Taylor Law]" (Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d at 1237 [internal quotation marks and citations omitted]).
On administrative appeal, PERB upheld the dismissal of the improper practice charge on different grounds — namely, that petitioner's predecessor failed to demonstrate the existence of a past practice. Petitioner's predecessor commenced a CPLR article 78 proceeding challenging PERB's determination, which was transferred to this Court. Finding that PERB's determination was not supported by substantial evidence, this Court, in APOU I, granted the petition and annulled the determination (Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 149 AD3d at 1240).
Based upon our decision in APOU I, petitioner's predecessor requested that PERB impose a remedy in accordance with its "statutory duty." PERB declined to do so, contending that it was not obliged to enter a remedial order insofar as there had been no finding of a Taylor Law violation. In response, petitioner's predecessor commenced another CPLR article 78 proceeding seeking to compel PERB to issue a [*2]remedial order. Supreme Court granted respondents' motion to dismiss the petition and, in APOU II, this Court affirmed, finding that no clear right to mandamus relief had been established insofar as APOU I granted the petition only to the extent of finding that PERB's determination was not supported by substantial evidence, which did not compel an inverse finding "that substantial evidence supported a finding that there was an improper practice" under the Taylor Law (Matter of Albany Police Officers Union, Local 2841, Law Enforcement Officers Union Dist. Council 82, AFSCME, AFL-CIO v New York Pub. Empl. Relations Bd., 170 AD3d at 1314). As the improper practice charge had not been finally resolved as of the appeal in APOU II, this Court remitted the matter to PERB for a final resolution of the improper practice charge "in a manner that [wa]s not inconsistent with our determination in APOU I" (id.).
Upon remittal, PERB — relying on Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva (92 NY2d 326 [1998]) — dismissed the improper practice charge, finding that, although a "25-year[-]long uninterrupted practice" of reimbursing Medicare Part B premiums had been established, the City did not take action against current employees in that respect, as the notice of intent to discontinue that practice was directed to retirees only, who do not have the authority to enforce a past employment practice. In response, this CPLR article 78 proceeding was commenced in Supreme Court seeking to annul PERB's decision as arbitrary and capricious, irrational and an abuse of discretion. Finding that the petition sounded in a substantial evidence challenge, Supreme Court, upon stipulation of the parties, transferred the proceeding to this Court (see CPLR 7804 [g]).[FN1]
As a threshold matter, PERB argues that, notwithstanding its agreement to transfer the proceeding to this Court, the transfer was improper. Even assuming that PERB is correct in that regard, we will "retain jurisdiction and address the merits in the interest of judicial economy" (Matter of Dillard v Fischer, 98 AD3d 761, 761 n [2012]; see Matter of Biggs v Eden Renewables LLC, 188 AD3d 1544, 1545 n 2 [2020]).
Turning to the merits, we agree with petitioner that PERB's determination must be annulled. "Under the Taylor Law
. . ., a public employer is obligated to negotiate in good faith with the bargaining representative of its current employees regarding the 'terms and conditions of employment'" (Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 104 AD3d 778, 780 [2013] [emphasis added], mod 23 NY3d 482 [2014], quoting Civil Service Law § 204; see Matter of Uniformed Fire Officers Assn. of the City of Yonkers v New York State Pub. Empl. Relations Bd., 197 AD3d 1470, 1472 [2021]). "Health benefits for current employees" — including reimbursement of Medicare Part B premiums — "are a form of compensation, and thus a term of employment that is a mandatory subject of negotiation[*3]" (Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d 1479, 1481 [2012] [citations omitted], affd 21 NY3d 255 [2013]). A public employer's failure to negotiate such mandatory terms in good faith is an improper employer practice (see id. at 1480; Civil Service Law § 209-a [1] [d]). Further, "where a past practice between a public employer and its current employees is established, involving a mandatory subject of negotiation, the Taylor Law would bar the employer from discontinuing that practice without prior negotiation" (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d at 331).
"While Civil Service Law § 201 (4) prohibits negotiation of certain retirement benefits, the continuation of health insurance payments to current employees after their retirement is not a retirement benefit within the meaning of that provision" (Matter of Chenango Forks Cent. School Dist. v New York State Pub. Empl. Relations Bd., 95 AD3d at 1481 [citations omitted]). "Rather, such health insurance benefits, although paid after retirement, constitute a form of compensation earned by the employee while employed" (id.). "Therefore, a past practice concerning health benefits for current employees, even where unrelated to any specific contractual provision, cannot be unilaterally modified by the public employer," which has "a duty to negotiate with the bargaining representative of current employees regarding any change in a past practice affecting their own retirement health benefits" (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d at 332 [emphasis omitted]). This does not apply, however, to retirees, who are not active members of the bargaining unit (see Civil Service Law §§ 201 [4], [7] [a]; 204 [2]; Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d at 332; Matter of Uniformed Fire Officers Assn. of the City of Yonkers v New York State Pub. Empl. Relations Bd., 197 AD3d at 1472).
PERB's determination to dismiss the improper practice charge rests upon a misunderstanding of the nature of the matter and does not accord with our directive in APOU II to resolve the improper practice charge in a manner consistent with this Court's decision in APOU I. As reflected in the improper practice charge — which alleged that the "[t]he unilateral modification of a long standing past practice regarding a mandatory topic of bargaining (health insurance) by the City of Albany . . . adversely impacts the current members" of the union (emphasis added) — these proceedings were brought on behalf of current employees and not retirees. That fact was also reflected in this Court's decision in APOU I (149 AD3d at 1239) and explicitly referenced by this Court in Adamo v City of Albany (156 AD3d 1017, 1019 n [2017], appeal dismissed and lv denied 31 NY3d 1041 [2018]).
As such, PERB's reliance on Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva (92 NY2d [*4]at 330) was misplaced. The question in Matter of Aeneas was whether "retired municipal employees, who [were] no longer members of any collective bargaining unit, may enforce a past practice in civil litigation with their former municipal employer" (id. at 330 [emphasis added]). The Court of Appeals answered that question in the negative, explaining that "a past practice concerning a mandatory subject of negotiation gives rise to a statutory bargaining right on behalf of current members of the bargaining unit," but the petitioner's "retired members, upon whose behalf this proceeding was brought, c[ould not] avail themselves of that right because a public employer's statutory duty to bargain does not extend to retirees" (id. at 332 [emphasis added]). However, unlike the petitioner in Matter of Aeneas, this proceeding was — as explained previously — brought on behalf of current members who would be eligible to receive Medicare Part B reimbursements under the past practice upon their future retirement, an issue that is subject to mandatory negotiation.
In its decision, PERB explicitly found that there was a longstanding practice of reimbursing retirees for their Medicare Part B premiums, rendering negotiation mandatory before the City could make any changes to that past practice for active employees who sought continuation of that benefit. Despite that finding, PERB determined that the improper practice charge must be dismissed because "the City took no action against current employees" since it only notified retirees about the change in the past practice. The fact that PERB only informed retirees of such a change does not mean that it did not affect current employees. PERB's reasoning in that respect fails to account for the actual hearing testimony, which established that many of petitioner's witnesses — who were active employees as of January 1, 2010 — either did not receive Medicare Part B reimbursements after that date or were given reason to believe that they would not be so reimbursed in the future despite representations throughout their employment that the practice would continue (see generally Matter of Uniformed Fire Officers Assn. of the City of Yonkers v New York State Pub. Empl. Relations Bd., 197 AD3d at 1472).
As PERB's decision rests upon an erroneous application of Matter of Aeneas, an incorrect understanding of the nature of the proceeding, and a disregard of the actual hearing testimony, its determination must be annulled (see id. at 1474). Because PERB explicitly found in its decision that "the 25-year[-]long uninterrupted practice" of reimbursing Medicare Part B premiums met the standard of a past practice that was subject to negotiation for active members of petitioner, and there is no dispute that negotiation did not occur between the City and petitioner prior to implementing the change to the reimbursement policy, the matter is remitted to PERB for a final disposition consistent with these findings.
Egan Jr., J.P., [*5]Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and matter remitted to respondent Public Employment Relations Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Because petitioner became the certified exclusive representative of police officers and detectives employed by the City as of September 2021, by order of this Court, petitioner was substituted for its predecessor herein (2021 NY Slip Op 74142[U]).